ingly, we affirm on the opinion of the District Court. Commonwealth Engineering Co. v. Ladd, D. D.C., 199 F.Supp. 51.

Affirmed.

The COMMONWEALTH ENGINEERING COMPANY OF OHIO and Carl Berger, Appellants,

v.

David L. LADD, Commissioner of Patents, Appellee.

No. 16862.

United States Court of Appeals District of Columbia Circuit.

Argued May 18, 1962.

Decided May 31, 1962

John THREATT, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16822.

United States Court of Appeals District of Columbia Circuit.

Argued April 10, 1962.

Decided May 17, 1962.

Petition for Rehearing Denied July 12, 1962.

Mr. Henry R. Goldstein, Washington, D. C., with whom Mr. Robert L. Heald,.

Washington, D. C. (both appointed by this court), was on the brief, for appellant.

Mr. Nathan J. Paulson, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Charles T. Duncan, Principal Asst. U. S. Atty., and Arthur J. McLaughlin, Asst. U. S. Atty., were on the brief, for appellee.

Before EDGERTON, WASHINGTON and BURGER, Circuit Judges.

BURGER, Circuit Judge.

Appellant was convicted in a jury trial on a charge of robbery by force and violence. The evidence showed that the victim, Julius Loh, was seized in a downtown alley, taken at gun point to the restaurant where he was employed, and there required to open the safe after being threatened with death by his assailant. After the safe was opened the assailant stole $3900 in cash from it. He also stole a nominal amount of money from the person of the complaining witness. Considerable conversation occurred between victim and assailant on the street and at the restaurant. The victim escaped his captor at one point but was overtaken, bound and gagged and left in the restaurant. Mr. Loh was found by a night employee and when released police were called and he gave them a description of his captor and mentioned the man's tendency to repeat statements which he made. Two days later police arrested appellant and took him to police headquarters where the complaining witness picked appellant out of a line-up of six persons, and further confirmed identification by personal conversation with appellant thereafter.

On trial appellant was identified again by the complaining witness.

We have examined the record in light of contentions that appellant was unlawfully arrested, that statements made to police en route to the station were inadmissible, that evidence regarding identification by the complaining witness should have been suppressed, and that the prosecutor's opening statement went beyond the subsequent proof. We find no error.

Affirmed.